case as it was finally presented to the jury, and we have not been able to find any errors in the direction or the charge. The exceptions taken by the defendant are of matters which could have but little, if any, effect upon the result, and we are not inclined to interfere with the verdict as rendered. The whole case was fairly before the jury, and their finding is neither against the evidence, the weight of evidence, or excessive in amount; and therefore the judgment should be affirmed, with costs. All concur.

LEVY v. LENNON. (Supreme Court, Appellate Division, First Department. October 22, 1897.) Action by Mark Levy against William F. Lennon. No opinion. Motion granted, with $10 costs.

LOCKWOOD, Plaintiff, v. PAUL BOYNTON CO., Defendant. (Supreme Court, Special Term, New York County. August, 1897.) Action by James B. Lockwood, as assignee, against the Paul Boynton Company. Michael Jacobs, for plaintiff. Blair & Rudd, for defendant.

RUSSELL, J. It would seem from the complaint and application in this action that the plaintiff, as assignee for the benefit of creditors, is carrying on at Coney Island a place for selling and drinking liquids, spirituous and otherwise, under a lease renewed to him as such assignee for the period of eight years, and for the protection and enhancement of the good will of that business for the period of the renewed lease, complains of an act of the lessor, the defendant, calculated to seriously embarrass that good will, as to the number of persons likely to patronize the plaintiff's bar. That act complained of consists of charging an admission fee of 10 cents to the defendant's inclosure, to persons seeking the recreations attainable within that inclosure, wherein is the plaintiff's building, which his assignor erected under the terms of the lease. The plaintiff strongly urges that in the natural order of events, and under the common impulses of human nature, more people are likely to seek his bar in case of free admission to the inclosure than if it cost 10 cents to get to the place where its attractions are apparent. There is considerable force in this assertion, but a difficulty in affording remedial relief arises from the fact that neither the lease nor the renewal contains any covenant or promise that the defendant will refrain from charging an admission fee to the aforesaid inclosure. The plaintiff, however, counts upon conversations with the president of the defendant company, by which, as he claims, it was understood that the admission should be free, and, in further corroboration of those conversations, produces a placard, a handbill of considerable size, by which the defendant company invites the public to shoot the chute at this noted place of attraction on Coney Island, with admission free to the inclosure. The defendant claims that the president of the company, in any loose conversations he may have had, or in issuing any placard for free admission, did not deprive the company of the right to charge an admission to its own inclosure if it thought wise to do so, and that, no rights being reserved in this respect to the plaintiff, he cannot complain; that it is a matter of business judgment as to the method by which the greatest number of dimes may be received by the parties interested,

respectively, from a pleasure-seeking public (the defendant company being interested in the receipts of the sale of liquids at the bar of the plaintiff, to the extent of 12½ per cent., as compensation for the privilege of vending those liquids, and being also interested in attracting as many people as possible to shoot its chute, for which it receives a fair compensation); that the 10-cent charge to the inclosure might as well deter people from coming to shoot the chute as to call for a supply of liquid refreshments, and that there was no implied agreement, as there certainly was no express one contained in the lease, not to exercise its best judgment as to the propriety of charging or not charging an admission to the inclosure,—the argument, in a measure, being that free admission might attract a crowd of people with more curiosity than coin, and perhaps more doubtfulness of character than desire for innocent amusement, and so, after all, the patronage of the better class, likely to observe, enjoy, and spend, would be best enhanced by a small but sufficient charge for admission to the attractions within the inclosure. I am inclined to think that the plaintiff has not, upon the papers presented, made out a case for present injunction, and that his rights must be deferred to the trial, where, if he succeeds, a permanent injunction may be had, with damages for past injury. Motion denied, with $10 costs.

LONDON et al., Respondents, v. KNEIPER, Appellant. (Supreme Court, Appellate Term. October 1, 1897.) Action by Louis London and others against Herman Kneiper. E. Rosenthal, for appellant. J. J. Harris, for respondents. No opinion. Affirmed, with costs.

LONDON ASSUR. CORP., Appellant, v. DINSMORE, Respondent. (Supreme Court, Appellate Division, First Department. October, 1897.) Action by the London Assurance Corporation against William B. Dinsmore. W. W. MacFarland, for appellant. Michael H. Cardozo, for respondent.

PER CURIAM. In this case the learned referee held that the evidence was insufficient to sustain the defendant's counterclaim, asking that the policy should be reformed; but he allowed the plaintiff to recover for the loss upon the turpentine stored in the sheds of Downing & Co., and which was destroyed by fire, and fixed the defendant's liability at $34.09, for which sum he directed judgment. For the reasons stated upon the decision of the appeal in the Thompson Case (decided herewith) 47 N. Y. Supp. 830, we agree with the referee in limiting the loss to the turpentine destroyed. We think, therefore, that the judgment in this case was right, and it is affirmed, with costs to the respondent.

LONDON ASSUR. CORP., Appellant, v. KING, Respondent. (Supreme Court, Appellate Division, First Department. October, 1897.) Action by the London Assurance Corporation against Horatio C. King. W. W. MacFarland, for appellant. Michael H. Cardozo, for respondent.

PER CURIAM. The question presented in this case is substantially the same as that pre-

sented in the case of Corporation v. Thompson (decided herewith) 47 N. Y. Supp. 830. For the reasons assigned for the decision in that case, the judgment appealed from is reversed, and judgment directed for the plaintiff against the defendant for his share of one sixteenth of the value of the turpentine in the sheds of Downing & Co., at Brunswick, Ga., destroyed by fire, and which was covered by the policy issued by the plaintiff; such amount to be ascertained upon the settlement of the judgment upon this appeal.

LONDON ASSUR. CORP., Appellant, v. MILLER, Respondent. (Supreme Court, Appellate Division, First Department. October, 1897.) Action by the London Assurance Corporation against Eugene Miller. W. W. MacFarland, for appellant. Michael H. Cardozo, for respondent.

PER CURIAM. The question presented in this case is substantially the same as that presented in the case of Corporation v. Thompson (decided herewith) 47 N. Y. Supp. 830. For the reasons assigned for the decision in that case, the judgment appealed from is reversed, and judgment directed for the plaintiff against the defendant for his share of one sixteenth of the value of the turpentine in the sheds of Downing & Co., at Brunswick, Ga., destroyed by fire, and which was covered by the policy issued by the plaintiff; such amount to be ascertained upon the settlement of the judgment upon this appeal.

LONDON ASSUR. CORP., Appellant, v. PATTERSON, Respondent. (Supreme Court, Appellate Division, First Department. October, 1897.) Action by the London Assurance Corporation against James W. Patterson. W. W. MacFarland, for appellant. Michael H. Cardozo, for respondent.

PER CURIAM. The question presented in this case is substantially the same as that presented in the case of Corporation v. Thompson (decided herewith) 47 N. Y. Supp. 830. For the reasons assigned for the decision in that case, the judgment appealed from is reversed, and judgment directed for the plaintiff against the defendant for his share of one-sixteenth of the value of the turpentine in the sheds of Downing & Co., at Brunswick, Ga., destroyed by fire, and which was covered by the policy issued by the plaintiff: such amount to be ascertained upon the settlement of the judgment upon this appeal.

LONDON ASSUR. CORP., Appellant, v. SELVAGE, Respondent. (Supreme Court, Appellate Division, First Department. October, 1897.) Action by the London Assurance Corporation against Walter Selvage. W. W. MacFarland, for appellant. Michael H. Cardozo, for respondent.

PER CURIAM. The question presented in this case is substantially the same as that presented in the case of Corporation v. Thompson (decided herewith) 47 N. Y. Supp. 830. For the reasons assigned for the decision in that case, the judgment appealed from is reversed, and judgment directed for the plaintiff against the defendant for his share of one-sixteenth of the value of the turpentine in the sheds of Downing & Co., at Brunswick, Ga., destroyed by fire, and which was covered by the policy issued by the plaintiff; such amount to be ascertained upon the settlement of the judgment upon this appeal.

LUBECKER, Respondent, v. KAHN, Appellant. (Supreme Court, Appellate Term. October 1, 1897.) Action by Louis Lubecker against Louis Kahn. Nichols & Bacon, for appellant. J. J. O'Brien, for respondent. No opinion. Affirmed, with costs.

McCARTHY v. CROWLEY, Respondent (SWANICK, Appellant). (Supreme Court, Appellate Division, Third Department. May 11, 1897.) Action by Hannah McCarthy against Michael Crowley and James F. Swanick. No opinion. Order modified by directing that motion for substitution be granted upon payment to appellant of $10 costs in action, and with $10 costs of motion, and with $10 costs and disbursements of this appeal.

McCLATCHY v. CENTRAL TRUST CO. (Supreme Court, Appellate Division, First Department. October 15, 1897.) Action by Alfred C. McClatchy against the Central Trust Company. No opinion. Motion to dismiss appeal granted, with $10 costs.

McCLATCHY v. CENTRAL TRUST CO. (Supreme Court, Appellate Division, First Department. October 15, 1897.) Action by Alfred McClatchy against the Central Trust Company. No opinion. Motion for discontinuance of appeal denied.

McCULLOCH, Appellant, v. MERCHANT et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. October 15, 1897.) Action by Martha McCulloch against Allen Merchant, Walter B. Fargo, John T. Chamberlain, Betsy Chamberlain, and Benjamin Conable, sued by J. Ashley McCulloch and others. No opinion. Judgment and order affirmed, with costs.

McDOWELL, Appellant, v. BIGELOW, Respondent. (Supreme Court, Appellate Division, Third Department. September 28, 1897.) Action by Russell J. McDowell against John S. Bigelow. No opinion. Judgment affirmed, with costs.

McFARLAND, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. October 15, 1897.) Action by Peter McFarland against the New York Central & Hudson River Railroad Company. No opinion. Motion to amend the order and judgment granted. See 46 N. Y. Supp. 1095.

In re McGOVERN. (Supreme Court, Appellate Division, First Department. October 15, 1897.) In the matter of Henrietta McGovern. No opinion. Motion granted, with $10 costs.

McKINLEY, Respondent, v. McKINLEY, Appellant. (Supreme Court, Appellate Division, Second Department. October 29, 1897.) Ac-